[932 NYS2d 344]

In the Matter of JACOB C. ARMON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 9, 2011

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

*Brian J. Davis*, Garden City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In a letter dated June 4, 2010, the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) submitted to the Court three original certificates of disposition, all dated April 15, 2010, which indicated that the respondent was convicted of one count of attempted identity theft in the third degree, in violation of Penal Law §§ 110.00 and 190.78 (1), a class B misdemeanor, in satisfaction of three felony charges (one count of grand larceny in the second degree, a class C felony, in violation of Penal Law § 155.40, and two counts of identity theft in the first degree, a class D felony, in violation of Penal Law § 190.80 [2]). The respondent pleaded guilty and was sentenced in the District Court of Nassau County (Reilly, J.) on March 22, 2010, to a one year conditional discharge, a $500 fine, a mandatory surcharge of $140, and a $20 crime victims' assistance fee.

By decision and order on motion dated October 27, 2010, this Court, on its own motion, ordered that the respondent be immediately suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f) as a result of his conviction of a "serious crime," continuing until further order of this Court; authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent, based upon his conviction of a "serious crime," and to serve a petition relative thereto; ordered the respondent to serve an answer to the petition; and referred the petition and any answer thereto to the Honorable Michael F. Mullen, as Special Referee, to hear and report, and to submit a report within 60 days after the conclusion of the hearing or the submission of posthearing memoranda.

The Grievance Committee served the respondent with a verified petition, dated November 8, 2010, containing two charges of professional misconduct.

Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]), in that he was convicted of a crime within the meaning of Judiciary Law § 90 (2).

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer in violation of

Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), in that he was convicted of a crime within the meaning of Judiciary Law § 90 (2).

Following a preliminary conference on January 25, 2011, and a hearing on January 31, 2011, the Special Referee sustained charges one and two. The Grievance Committee now moves to confirm the findings of the Special Referee and to impose such discipline upon the respondent as the Court may deem just and proper. The respondent joins in the Grievance Committee's motion.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Special Referee noted that there was "no venality" and that "[n]o clients were harmed."

Under the totality of the circumstances, we find that the respondent's professional misconduct warrants his suspension from the practice of law for a period of six months.

RIVERA, J.P., SKELOS, DILLON, ANGIOLILLO and BELEN, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Jacob C. Armon, is suspended from the practice of law for a period of six months, commencing December 2, 2011, with leave to apply for reinstatement upon the expiration of said period, upon furnishing satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable provisions of 22 NYCRR 691.11 (c) (4), (4) remained current in his attorney registration pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (c), and (5) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jacob C. Armon, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or

employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Jacob C. Armon, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).